UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JULIE DICARO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| G/O MEDIA, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff, JULIE DICARO, by and through her attorneys, makes the following Complaint alleging violations of Title VII, the Equal Pay Act, and the Illinois Human Rights Act, and in support of those allegations, states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Julie DiCaro ("DiCaro") is an adult female residing in Will County, Illinois.

2. Defendant G/O Media, Inc. ("G/O") is an American media holding company that owns and operates digital media outlets. G/O's brands include but are not limited to Jezabel: a feminist site; Gizmodo: a tech and science site; Jalopnik: a car culture site; Deadspin: a sports site; Lifehacker: a lifestyle site; Kotaku: a gaming site; The Root; an African American news and culture site; and The Onion: a comedy site. G/O is a New York corporation with its principal office in New York, New York. It also has offices in Chicago.

3. During all relevant periods, Plaintiff worked and continues to work for G/O out of the Chicago office.

4. This Court has personal and subject matter jurisdiction over the Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, and the Equal Pay Act of 1964,

29 U.S.C. § 206(d). This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because the claims asserted in this action arose in this district and the alleged discrimination and damages occurred in this district.

**FACTS**

6. DiCaro began her employment with G/O on or about May 18, 2020, as an Editor/Senior Writer for the Deadspin site.

7. The employees of G/O are represented by the Writers' Guild of America, East, Inc., AFL-CIO (WGAE) ("the Union"). The position of Editor/Sr. Writer is included in the bargaining unit represented by the Union. DiCaro joined the Union shortly after she was hired by G/O.

8. As the Editor /Sr. Writer, DiCaro was responsible for doing her own writing for the site. Most of the writing was based around social justice issues in sports. As an editor, DiCaro was responsible for working with writers, performing copy and substantive editing for their work, as well as posting the work to the website. Copy editing is performing editing for punctuation and grammatical mistakes, whereas substantive editing involves editing pertaining to style or substance of the writing.

9. DiCaro reported to Eric Barrow ("Barrow") (male), who was Editor-in-Chief of Deadspin at that time. On information and belief, Barrow's salary was more than $160,000.00.

10. In about mid-December 2022, Deputy Editorial Director of G/O Media, Lea Goldman (female), contacted DiCaro to let her know that Editor-in-Chief (EIC) Barrow was leaving the organization. Goldman told DiCaro that G/O was going to take its time to find a new

EIC. Goldman then asked DiCaro if she would be interested in this position on an interim basis and also long-term. DiCaro told Goldman that she would be interested.

11. On or about December 21, 2022, DiCaro, learned that she would be the acting EIC.

12. In late December or early January, DiCaro saw a job posting that G/O posted for the EIC position. The job posting gave a salary range of $160,000.00 - $180,000.00.

13. Through DiCaro's union representative, G/O had indicated that it would pay DiCaro the difference between her salary and $160,000.00 for the period that she held the acting EIC position.

14. DiCaro started performing the Acting EIC role in about the first week of January 2023.

15. Despite DiCaro performing her job as Editor /Sr. Writer and the Acting EIC position G/O did not pay her the agreed-upon salary for the Acting EIC position.

16. G/O repeatedly told DiCaro that the company was in a hiring freeze and would not be hiring for the Editor in Chief position "at this time".

17. However, G/O would hire males for the editor-in-chief positions for other sites even though women had held the position of acting EIC. The women were paid lower salaries as acting EICs.

18. Because of the pay disparity and other issues DiCaro resigned from the acting EIC position.

19. Approximately two months after DiCaro resigned, G/O hired a male as editor-in-chief and paid him a salary over $160,000.00.

20. DiCaro timely filed with the Illinois Department of Human Rights. She received her Notice of Right to Sue ("NTS") on or about October 19, 2023. (Exhibit 1 attached hereto.)

**COUNT I:**
**Discrimination on the Basis of Sex in Violation of in Violation of Title VII, U.S.C. §2000e-2(a)**

21. DiCaro incorporates and alleges paragraphs 1 through 20 as if fully set forth in this Count I.

22. DiCaro is a member of a protected class (female).

23. DiCaro was and remained qualified for the position of Editor in Chief.

24. DiCaro had performed the same job duties as her male predecessor and successor but was paid substantially less than them.

25. DiCaro's difference in pay was based on her sex, in violation of Title VII.

26. DiCaro suffered damages due to G/O's unlawful discrimination including, but not limited to, lost pay and emotional distress.

27. DiCaro seeks damages as permitted by Title VII, including, but not limited to:

    a. back pay,
    b. compensatory damages;
    c. punitive damages;
    d. reasonable attorneys' fees and costs;
    e. tax offset; and
    f. interest awards and all other relief deemed necessary and reasonable by the Court.

## COUNT II:
### Violation of the Equal Pay Act, 29 U.S.C. § 206(d)

28. DiCaro incorporates and alleges paragraphs 1 through 27 as if fully set forth in this Count II.

29. G/O is a covered employer under the Equal Pay Act, 29 U.S.C. § 206(d), i.e. is engaged in interstate commerce and/or has over $500,000 in annual sales.

30. Upon information and belief, except for Jezabel which is a feminist site, until recently and only after DiCaro complained through the union, all of the Editors in Chief for G/O were male.

31. DiCaro performed the work of Editor in Chief but was not compensated as an Editor in Chief.

32. DiCaro performed the Acting EIC job with equal skill, effort, and responsibility under similar working conditions, i.e. she and her male predecessor and successor performed comparable roles for which DiCaro was paid less than her male colleagues.

33. DiCaro suffered damages due to this unlawful treatment including, but not limited to, lost pay and emotional distress.

34. DiCaro seeks damages as permitted by the Equal Pay Act including, but not limited to:

    a. back pay,

    b. compensatory and punitive (liquidated) damages;

    c. reasonable attorneys' fees and costs;

    d. tax offset; and

    e. interest awards and all other relief deemed necessary and reasonable by the Court.

## COUNT III:
## Violation of The Illinois Equal Pay Act of 2003

35. DiCaro incorporates and alleges paragraphs 1 through 34 as if fully set forth in this Count III.

36. G/O knowingly paid DiCaro substantially less than her male counterparts for the same or substantially similar work in the same or substantially similar working conditions.

37. As a result of this unequal pay, DiCaro has suffered loss of income, emotional distress, and future lost income and profits.

38. DiCaro seeks damages as permitted by the Illinois Equal Pay Act including, but not limited to:

   a. Lost wages and benefits,

   b. compensatory and punitive (liquidated) damages;

   c. reasonable attorneys' fees and costs;

   d. tax offset; and

   e. interest awards and all other relief deemed necessary and reasonable by the Court.

**JURY DEMANDED FOR ALL CLAIMS**

Respectfully submitted,
JULIE DICARO

By: s/Terri Blanchard
One of Plaintiff's Attorneys

Terri Blanchard
The Blanchard Law Group, P.C.
15255 S. 94th Ave.
Suite 500
Orland Park, IL  60462
Phone:708-428-6387
tblanchard@blanchardlawgroup.org
ARDC No. 6211462

Lisa L. Clay, Attorney at Law
2100 Manchester Road, Suite 1612
Wheaton, IL 60187
Phone: 630.456.4818
lisa@clayatlaw.com
ARDC No.  6277257